UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80770-CIV-MARRA/JOHNSON

NATURE'S EARTH PRODUCTS, INC.,
a Florida corporation,

    Plaintiff,

vs.

PLANETWISE PRODUCTS, INC.,
an Arkansas corporation,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO DISMISS COUNTS IV THROUGH VII
OF DEFENDANT'S FIRST AMENDED COUNTERCLAIM**

Plaintiff, NATURE'S EARTH PRODUCTS, INC. ("Nature's Earth"), by and through undersigned counsel, hereby files this Motion to Dismiss Counts IV Through VII of Defendant's First Amended Counterclaim, and states as follows:

**INTRODUCTION**

On March 15, 2010, Defendant filed its First Amended Counterclaim adding four additional causes of action against Nature's Earth relating to alleged false and/or misleading advertising by Nature's Earth concerning its clumping Feline Pine® product. Each of these new causes of action is subject to dismissal. Specifically, Defendant's federal false advertising claim under 35 U.S.C. § 1125(a)(1)(B) fails because Defendant lacks "prudential standing" to assert such a claim. Defendant's related state law causes of action also fail due to the speculative nature of Defendant's alleged injury and, furthermore, should be dismissed in light of dismissal of the related federal claim.

I.  **PlanetWise Lacks Prudential Standing to Assert a Lanham Act False Advertising Claim**

In Count IV of Defendant's First Amended Counterclaim, Defendant purports to assert a federal false advertising claim pursuant to Section 43(a)(1)(B) of the Lanham Act, 35 U.S.C. § 1125(a)(1)(B). To state a cause of action under Section 43(a)(1)(B), a complaining party must allege (1) the ads of the opposing party were false or misleading, (ii) the ads deceived, or had the capacity to deceive, consumers, (iii) the deception had a material effect on purchasing decisions, (iv) the misrepresented product or services affects interstate commerce, and (v) the party has been – or is likely to be – injured as a result of the false advertising. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002).

In addition, the complaining party must also establish, *inter alia*, prudential standing to prosecute such a cause of action. *See Phoenix of Broward, Inc. v. McDonald's Corporation*, 489 F.3d 1156, 1163 (11th Cir. 2007) (finding Congress did not abrogate prudential limitations on the standing of plaintiffs to bring suit under § 43(a)). The Eleventh Circuit has adopted the following five-factor *Conte Bros.* test to determine whether a party has prudential standing to bring a false advertising claim under § 43(a) of the Lanham Act:

(1)  The nature of the plaintiff's alleged injury: Is the injury of a type that Congress sought to redress in providing a private remedy for violations of the Lanham Act?

(2)  The directness or indirectness of the asserted injury.

(3)  The proximity or remoteness of the party to the alleged injurious conduct.

(4)  The speculativeness of the damages claim.

(5)  The risk of duplicative damages or complexity in apportioning damages.

*Id.* at 1163-64 (citing *Conte Bros. Automotive, Inc. v. Quaker State-Slick 50, Inc.*, 165 F.3d 221, 233 (3rd Cir. 1998)).

In *Phoenix of Broward*, a Burger King franchisee filed a Lanham Act suit against McDonald's alleging it knowingly engaged in false advertising by stating that every player in its complained of promotional games had a fair and equal chance of winning high-value prizes despite knowing these statements to be literally false.  The plaintiff further alleged the promotional games lured customers away from its stores and yielded an unnatural spike if profits for McDonald's.  On a motion to dismiss, the district court dismissed the Lanham Act claim for lack of prudential standing.  On appeal, the Eleventh Circuit agreed, finding that despite the fact the parties were direct competitors, the plaintiff lacked prudential standing since it would require too much speculation to conclude that an ascertainable percentage of increased sales for McDonald's and decreased sales for Burger King were directly attributable to the alleged false advertisements.  The Eleventh Circuit further held against prudential standing due to the potential complexity in apportioning damages and the significant risk of duplicative damages since if prudential standing were found in favor of Burger King, then every other fast food competitor would also have prudential standing to assert such a claim.

In *Furniture "R" Us, Inc. v. Leath Furniture, LLC*, 2008 WL 4444007, *3 (S.D. Fla. Sept. 26, 2008), the plaintiff asserted against a direct competitor the exact same causes of action Defendant raises in its First Amended Counterclaim, i.e., a Lanham Act claim under § 43(a) of the Lanham Act, a false advertising claim under § 817.412, Fla. Stat., an unfair competition claim under Florida common law, and a deceptive and unfair trade practices act claim under § 501.201 *et seq.*, Fla. Stat.  The plaintiff alleged the defendant misled the public to plaintiff's detriment by advertising a "going-out-of-business" sale promoting significant markdowns when, if fact, the defendant was not really going out of business and there were no such significant markdowns (since defendant had allegedly artificially hiked the retail prices to lure customers

into believing there were significant savings). On a motion to dismiss, the district court dismissed the Lanham Act claim for lack of prudential standing and declined to exercise pendent jurisdiction over the related state law claims since (i) there was no basis to assert that but-for the complained of advertisements customers would have shopped at the plaintiff's store as opposed to other furniture stores in the area; (ii) plaintiff's damages claims were necessarily speculative since there was no way to quantify how many customers were lured by the defendant's false advertising to its stores versus the defendant's store versus other furniture stores in the area; and (iii) a finding of prudential standing for the plaintiff would require a finding of prudential standing for all other furniture stores whose sales had fallen during the defendant's alleged sale resulting in a risk of duplicative damages and/or creating complexity to apportioning damages, especially since there was no mention of the plaintiff in the defendant's advertising.

In the present case, Defendant lacks prudential standing to assert a Lanham Act claim against Nature's Earth for the same reasons (and more) espoused in *Phoenix of Broward* and *Furniture "R" Us*. Applying the *Conte Bros.* factors to Count IV of the First Amended Counterclaim, as interpreted by the Eleventh Circuit and this District, it is readily apparent that Defendant cannot meet any of the factors to support a finding of prudential standing.

### A. Type of Injury Alleged

The first *Conte Bros.* factor requires the Court to evaluate the nature of Defendant's alleged injury. "The focus of § 43(a) of the Lanham Act is on protecting 'commercial interests that have been harmed by a competitor's false advertising, and in securing to the business community the advantages of reputation and good will by preventing their diversion from those who have created them to those who have not.'" *Furniture "R" Us,* 2008 WL 4444007 at *3 (citing *Phoenix of Broward*, 489 F.3d at 1168). Generally, this factor will be held satisfied

where the movant alleges decreases in sales or increases in counter-promotion costs to combat the alleged false advertising. *See Phoenix of Broward*, 489 F.3d at 1168; *Furniture "R" Us*, 2008 WL 4444007 at *3. In this case, however, Defendant has alleged neither. Rather, Defendant merely alleges in conclusory fashion that it has been injured as a result of Nature's Earth's alleged false advertising. Defendant's failure to allege anything more means this factor weighs against prudential standing.

      B.      Directness of the Asserted Injury

The second *Conte Bros.* factor requires the Court to examine the "directness" with which the defendant's conduct affected the plaintiff. *See Phoenix of Broward*, 489 F.3d at 1169; *Furniture "R" Us*, 2008 WL 4444007 at *3. In making this examination, the Court must take care not to conflate the prudential standing inquiry with the "materiality" element necessary to assert a federal false advertising cause of action. *Phoenix of Broward*, 489 F.3d at 1170.

Defendant fails to make any allegation which conceivably addresses this factor. Specifically, there is no allegation that "but for" the alleged false adverting consumers would have purchased animal litter products at Defendant (as opposed to one of numerous other vendors of animal litter products). *See Furniture "R" Us*, 2008 WL 4444007 at *3 (holding second *Conte Bros.* factor weighed against prudential standing where movant failed to allege that "but for" the challenged advertisements customers would have shopped at its stores, as opposed to other furniture stores in the area). Because Defendant does not, and cannot, allege that "but for" the alleged false advertisements consumers would have purchased its products, as opposed to the products of other animal litter competitors, the second factor weighs against prudential standing.

      C.      <u>Proximity to the Alleged Harmful Conduct</u>

The third *Conte Bros.* factor requires the Court to examine the proximity of the plaintiff to the alleged harmful conduct. In examining this factor, the Court must determine whether there is an "identifiable class" of persons "whose self-interest would normally motivate them to vindicate the public interest" by bringing suit. *Phoenix of Broward*, 489 F.3d at 1170. Generally, this factor will be held satisfied where the movant alleges it is a competitor and that the challenged advertisements lured customers away resulting in lost sales. *See Phoenix of Broward*, 489 F.3d at 1170-71; *Furniture "R" Us*, 2008 WL 4444007 at *4. In this case, however, Defendant fails to make any assertion that the challenged advertisements lured away customers resulting in lost sales to Defendant. Rather, Defendant merely alleges in conclusory fashion that it has been injured as a result of Nature's Earth's alleged false advertising, nothing more. As such, this factor also weighs against prudential standing.

      D.      <u>Speculative Nature of the Alleged Damages</u>

The fourth *Conte Bros.* factor requires the Court to examine the speculative nature of the plaintiff's alleged damages. As did the plaintiff in *Furniture "R" Us*, Defendant demands actual damages, treble damages, costs and all profits earned by Nature's Earth attributable to the alleged false advertising. However, for the same reasons as set forth in *Furniture "R" Us*, this factor also weighs against prudential standing. *See Furniture "R" Us*, 2008 WL 4444007 at * 4-5.

Initially it should be noted, again, Defendant fails to allege any lost sales as a result of the challenged advertising. Rather, it merely makes a conclusory allegation that it has been injured. Defendant does not, nor can it, plead more as it cannot conceivably allege that "but for" the

challenged advertising it would have attracted Nature's Earth's customers, as opposed to any other number of animal litter product competitors.

Moreover, even if Defendant did allege that it lost profits as a result of customers who shopped at Nature's Earth instead of Defendant, this would still be insufficient to support a finding of prudential standing. *See id.* (holding fourth factor weighed against prudential standing even where plaintiff alleged it lost profits as a result of customers shopping at defendant's stores instead of plaintiff's stores). This is because any effort to quantify how many customers were lured by the alleged deceptive advertising to purchase form Nature's Earth, as opposed to Defendant, will necessarily require speculation since the animal litter market consists of many competitors. *See id.*; *see also Phoenix of Broward*, 489 F.3d at 1171. Due to the speculative nature of Defendant's alleged injury, this factor also weighs against prudential standing.

Any argument by Defendant that at the pleading stage, the focus should be limited to what the pleading alleges (not on whether it can prove the exact number of customers lured away) and that it should be allowed discovery and expert testimony in support of same, has been rejected by the Eleventh Circuit. *See Phoenix of Broward*, 489 F.3d at 1171; *see also Furniture "R" Us*, 2008 WL 4444007 at * 4. This is because any such claim necessarily results in conjecture. Moreover, Defendant's demand for the disgorgement of profits by Nature's Earth does not satisfy this factor. *See Phoenix of Broward*, 489 F.3d at 1171-72 (holding plaintiff may not seek to satisfy fourth *Conte Bros.* factor by relying on Lanham Act's disgorgement of profits form of monetary relief); *see also Furniture "R" Us*, 2008 WL 4444007 at * 5 (same). For the foregoing reasons, this factor also weighs against prudential standing.

E. Risk of Duplicative Damages and Complexity of Apportioning Damages

The fifth *Conte Bros.* factor requires the Court to assess the risk of duplicative damages or the complexity of apportioning damages. *Phoenix of Broward*, 489 F.3d at 1172. In this case, there is no mention of Defendant in any of the alleged false advertisements. As such, if the Court were to find that Defendant has prudential standing, then it must necessarily also find that every animal litter product competitor of Nature's Earth also has prudential standing. And if every such competitor brought such a false advertising claim regardless of the amount of lost sales attributable to the alleged false advertising, and regardless of the alleged impact on the competitors goodwill or reputation (as the advertisements at issue make no reference to any competitor), the complexity of awarding damages would be an extraordinarily complex task. *See Furniture "R" Us*, 2008 WL 4444007 at *5 (holding fifth factor weighed against prudential standing for these very same reasons); *see also Phoenix of Broward*, 489 F.3d at 1172-73 (same). Because Defendant is no different than any other competitor of Nature's Earth that could seek to allege such a meritless claim, this factor also weighs against prudential standing.

F. Weighing the Totality of the Factors

In this case, each of the *Conte Bros.* factors weighs against a finding of prudential standing. Moreover, even if Defendant had adequately plead an injury sufficient to support factors one and three, a finding of prudential standing would still not be warranted. *See Phoenix of Broward*, 489 F.3d at 1173 (finding no prudential standing despite fact factors one and three weighed in favor of prudential standing); *Furniture "R" Us*, 2008 WL 4444007 at *5 (same). In light of the foregoing, Count IV of Defendant's First Amended Counterclaim should be dismissed.

## II. The Court Should Decline to Exercise Pendent Jurisdiction Over the Remaining State Law Claims

As explained more fully above, Defendant's federal false advertising claim must be dismissed for lack of prudential standing. In light thereof, this Court should decline to exercise pendent jurisdiction over the Defendant's related state law claims, i.e., false advertising claim under § 817.412, Fla. Stat. (Count V), unfair competition claim under Florida common law (Count VI), and deceptive and unfair trade practices act claim under § 501.201 *et seq.*, Fla. Stat. (Count VII), since they all rely upon the same operative facts and complained of actions as those complained of in Defendant's Lanham Act claim. *See Furniture "R" Us*, 2008 WL 4444007 at *6 (declining to exercise pendent jurisdiction over identical claims where plaintiff lacked prudential standing for Lanham Act claim); *compare Natural Answers, Inc. v. SmithKline Beecham Corp.*, 529 F.3d 1325, 1332-33 (11th Cir. 2008) (affirming award of summary judgment for defendant holding plaintiff could not prevail on state law causes of action based upon alleged false advertising where plaintiff did not meet prudential standing requirement for federal false advertising claim).

WHEREFORE, for the foregoing reasons, Nature's Earth respectfully requests this Court dismiss Counts IV through VII of Defendant's First Amended Counterclaim, and for such other and further relief as this Court deems just.

Dated: April 1, 2010.

                                  Respectfully submitted,

                                  By: s/Scott W. Dangler
                                  Scott W. Dangler
                                  Florida Bar No. 0429007
                                  GUNSTER, YOAKLEY & STEWART, P.A.
                                  Attorneys for Plaintiff, Nature's Earth Products, Inc.
                                  450 East Las Olas Boulevard, Suite 1400
                                  Fort Lauderdale, FL 33301

        Telephone:   954-462-2000
        Facsimile:    954-523-1722
        Email: sdangler@gunster.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system which will send a notice of electronic filing to the following: Ira Cohen, Esq.

        s/ Scott W. Dangler
        Scott W. Dangler
        Florida Bar No.: 0429007