UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH DIVISION)

CASE NO.: 09-80770-CIV-MARRA/JOHNSON

NATURE'S EARTH PRODUCTS, INC.,

        Plaintiff,

v.

PLANETWISE PRODUCTS, INC.,

        Defendant.
_____/

### DEFENDANT'S MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO DISMISS PLAINTIFF'S OWN COMPLAINT FOR PATENT INFRINGEMENT, WITH PREJUDICE

The procedural posture of the case at bar is that *rarrisima avis*, **the Plaintiff now having moved to dismiss its own case, with prejudice.** Once having spotted such an exotic procedural creature, the Courts of this Circuit have not tarried to soar to the defense of such plaintiffs' intended and hapless prey. Cloaking such defendants safely under their judicial wings, the Courts have granted attorneys' fees and costs, pursuant to Rule 41(a)(2), Fed. R. Civ. P. *See, e.g., Ortega Trujillo v. Banco Central Del Ecuador*, 379 F.3d 1298, 1301 (11th Cir. 2004); *Versa Products, Inc. v. Home Depot, U.S.A., Inc.*, 387 F.3d 1325, 1328 (11th Cir. 2004); *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986); *and Tesma v. Maddox-Joines, Inc.*, 254 F.R.D. 699, 701 (S.D. Fla. 2008).

The principal question presented by this grave set of facts is the nature and quantum of the proper terms which this Court ought to impose on Plaintiff, Nature's

Earth Products, Inc. ("NEP"), as the just and proper terms for granting NEP leave to dismiss its own case, in the aftermath of sixteen (16) months of protracted, punishing, and expensive patent litigation against Defendant.

Defendant, Planetwise Products, Inc. ("Planetwise"), by undersigned counsel, hereby submits its partial opposition to Plaintiff's Motion for Leave to Dismiss with Prejudice Complaint for Patent Infringement, dated and filed September 1, 2010 [D.E. 51]. As a threshold matter, it should be observed that Planetwise does not oppose that portion of NEP's first request, as set forth in Paragraph 4, at page 1, of NEP's afore-described motion, for the Court to "enter an Order dismissing Plaintiff's Complaint for Patent Infringement with Prejudice." In that regard, the Court should enter Judgment accordingly with respect thereto.

Almost a year and a half ago, NEP filed this baseless action against Planetwise. Now, to borrow a prize-fighting metaphor, NEP has "thrown in the towel," and is seeking to quietly exit the ring. However, in its haste to escape the arena of consequences occasioned by its own poor fight, NEP has failed or refused to address the important issue as to what constitutes proper terms for this voluntary dismissal under Rule 41, and particularly in light of the facts and circumstances of the case at bar.

Rule 41(a)(2), Fed. R. Civ. P., provides, *in haec verba*, as follows:

**RULE 41. DISMISSAL OF ACTIONS**

(a) Voluntary Dismissal.

(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a

counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.[1]

(Emphasis added.)

To begin with, one need not look far beyond the procedural parameters of Rule 1, Fed. R. Civ. P., for the ultimate vision of Planetwise's position. The conduct of NEP and its counsel have served to cavalierly flout the laudable goals of a party-litigant's right to a just, speedy, and inexpensive determination.

In barest summary, both parties sell various forms of animal litter and, more pointedly for purposes of this case, clumping cat litter. Moreover, both parties are proprietors of United States Letters Patents in connection with the composition of clumping car litter. Notably, Mr. Weaver's/Planetwise's (Defendant's) '710 Patent came first, and pre-dates Mr. Burckbuchler's/NEP's (Plaintiff's) '309 Patent.

Candidly, there is much dark water under the bridge as between these parties (and/or their predecessors in interest). Competitors, erstwhile business partners, former litigation combatants; all such terms accurately describe NEP and Planetwise. The prior (non-patent) litigation was of relatively brief duration and the parties settled out of court. Like the proverbial "bad penny," however, NEP was back again, in May of 2009, when NEP and its principal, Mr. Simard, without proper basis, reasonable inquiry or good faith, and misguided by Mr. Simard's personal

---

[1] Parenthetically, it should be noted that there are counterclaims extant in the case at hand.

obsession with Planetwise and Mr. Weaver, launched this very patent infringement litigation which NEP presently seeks to suddenly abort.

Generally speaking, considerations relevant to the issue of prejudice encompass "the duration of the lawsuit, the number of motions filed, the pendency of any motions, the extent of discovery, whether any extensions of time were granted, and the plaintiff's purpose for moving for voluntary dismissal." *Mediavation, Inc. v. Rodgers*, 2009 WL 2766419, *2 (M.D. Fla. 2009), citing *McBride v. JLG Indus, Inc.*, 189 F.App'x 876, 878 (11th Cir. 2006); *Mosely v. JLG Industries, Inc.*, 189 F. App'x 874, 876 (11th Cir. 2006); *Stephens v. Georgia Dep't of Transp.*, 134 F. App'x 320, 323 (11th Cir. 2005).

The timing of this motion, after almost a score of months and raised on the very eve of the discovery deadline, could hardly be more suspicious for NEP, or more prejudicial to Planetwise. NEP and its attorneys have engaged in unreasonable and vexatious conduct that has multiplied the proceedings and caused Planetwise to incur hundreds of thousands of dollars in fees and deposition costs, as well as in excess of approximately $50,000.00 in testing and expert fees and costs.

Furthermore, there have been numerous depositions conducted, many of which needed to be held out-of-state. Significant motion practice has been involved. Even more disconcerting, there has now appeared, on the horizon, yet another gambit by NEP, who evidently now is seeking to amend that which does not, or soon will cease to, exist, namely, NEP's complaint. (*See* discussion, *infra*.) Gamesmanship has no proper place in modern litigation; it seems all the more opprobrious when engaged in by the same party that prays the Court to let it

stealthily slither away from its own complaint.

The truth be told, NEP, by its own account a veritable Goliath in the cat litter industry, likely did not reckon on a spirited or sustained Davidian defense on the part of Planetwise; did not anticipate the counterclaims; and did not foresee, as most bullies do not see, their own denouement. Those are but a handful of arrogant and mistaken assumptions by NEP which are of but minor moment now and, frankly, of little solace, philosophically or financially, to Planetwise.

Planetwise respectfully submits that it is entitled to attorneys' fees, pursuant to Rule 41(a)(2), Fed. R. Civ. P., inasmuch as this Court may grant such a voluntary dismissal upon such terms and conditions as the Court deems proper.[2] By virtue of the fact that any contemplated dismissal by NEP would be prejudicial, Planetwise hereby applies for attorneys' fees and costs.

NEP's pre-filing investigation was unreasonable and inadequate. In *Refac Intern., Ltd. v. Hitachi Ltd.,* 141 F.R.D. 281 (C.D. Cal. 1991), a patent infringement case, the court held that the patent owner had failed to make a reasonable inquiry to

---

[2] Defendant submits, alternatively, that this Court should award fees, pursuant to Title 28, U.S. Code §1927, because counsel for NEP unreasonably and vexatiously has multiplied the proceedings.

Title 28, U.S. Code §1927 provides, in relevant part:

"Any attorney. . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess cost, expenses, and attorneys' fees incurred because of such conduct."

determine that its complaint was well-grounded in fact, and awarded the opposing party its expenses including attorneys' fees (in the handsome sum of $1.4 Million Dollars) as a sanction. As in *Refac*, NEP "assumed without justification that. . . the accused products violated. . . patents, but made no reasonable. . . investigation to confirm this. . ." *Id.*, at 286.

In the matter at hand, NEP, perceiving an eyeball's worth of difference in Planetwise's clumping cat litter product merely assumed - albeit absolutely incorrectly - that Planetwise, like NEP, must have added polyacrylamide to its product and, in so doing, infringed NEP's later-in-time '309 Patent. (As a matter of objective fact, there is not now, and never was, any polyacrylamide in Planetwise's products.) This should hardly be surprising, inasmuch as, given his blinding hatred and contempt for Mr. Weaver, Mr. Simard views everything relating to Planetwise through the bloodshot-red colored spectacles of the bull ring. NEP should bear plenary responsibility for its imprudence and reckless conduct and be compelled to remunerate Planetwise..

It is well within the bailiwick of this Court to decide what conditions are appropriate for NEP's coveted dismissal. As the scholarly law texts reflect, it is well-recognized that the "power to set terms and conditions is vested in the court." 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d §2366* (3d ed. 2008).

To be sure, the decision whether or not to grant such a dismissal is within the sound discretion of the District Court. *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991)(citing *LeCompte v. Mr. Chip, Inc.*, 528

F.2d 601, 604 (5th Cir. 1976). *See also Pontenberg v. Boston Schientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).

> "<u>When exercising its discretion, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants</u>. *Id.* The court should weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate. *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986) (citations omitted)(emphasis added).

Compelling a plaintiff to pay the fees and costs incurred by the defendant is plainly intended to protect the defendant from the unfairness of duplicative litigation. *See, e.g., Versa Products, Inc. v. Home Depot, U.S.A., Inc.*, 387 F.3d 1325, 1328 (11th Cir. 2004), *citing Ortega, infra,* and *Yoffe v. Keller Industries, Inc.*, 580 F.2d 126, 129-30 (5th Cir. 1978) (wherein the former Fifth Circuit upheld a condition that the plaintiff pay defendant $44,000.00 in costs and fees, "which in *2004* dollars would be a six-figure sum")(emphasis added).

The Eleventh Circuit Court of Appeals has also observed that:

> "A plaintiff ordinarily will not be permitted to dismiss an action without prejudice under Rule 41(a)(2) after the defendant has been put to considerable expense in preparing for trial, except on condition that the plaintiff reimburse the defendant for at least a portion of his expenses of litigation." *McCants*, 781 F.2d at 860 (*citing LeCompte*, 528 F.2d at 603).

It follows, *a fortiori*, that cases involving "with prejudice" dismissals ought to be treated no less gingerly.

There is, indeed, a well-established pattern of the courts in this Circuit ordering payment of defendant's court costs and attorneys' fees as a proper condition for dismissal under Rule 41. *See, e.g., Greenberg v. Centurion Inv. Group,*

*Inc.*, 145 F.R.D. 610, 612 (S.D. Fla. 1993). As sagely observed in another Florida federal trial court level case:

> "The purpose of awarding costs is to reimburse the defendant for expenses incurred in defending the dismissed action and to deter vexatious or frivolous litigation in the future." *Young v. Roy's Restaurant,* 2006 WL 2598962, *2 (M.D. Fla. Sept. 11, 2006), *citing Bishop v. West American Ins. Co.,* 95 F.R.D. 494, 495 (N.D. Ga. 1982).

In addition, as the District Court concluded in the case of *Sobe News, Inc. v. Ocean Drive Fashions, Inc., et al.,* 199 F.R.D. 377, 60 U.S.P.Q. 2d 1445 (S.D. Fla. 2001):

> "Weighing the interests of Defendants in light of their efforts and expenses incurred to date in preparation for trial, against Plaintiff's explanation for the need to take a dismissal, the Court concludes that Plaintiff's motion will be granted on condition that Defendants are reimbursed for the litigation-related expenses incurred in defending this suit, including reasonable attorney's fees."

199 F.R.D., at 378. *See also Russell-Brown v. Jerry II,* 2010 WL 3272474, *7 (N.D. Fla., Aug. 19 2010), *citing Ortega Trujillo v. Banco Central Del Ecuador,* 379 F.3d 1298, 1301 (11th Cir. 2004). In *Ortega,* the Eleventh Circuit's ruling makes it crystal clear that, in dismissing a case under Rule 41(a)(2), a court may assess costs and fees associated with the action. In *Ortega*, the appellate tribunal upheld a voluntary dismissal on condition that the plaintiff pay the defendant approximately Seven Hundred Thousand Dollars ($700,000.00) in costs and attorneys fees.

Subsumed beneath the umbrella of "costs" are all litigation-related expenses incurred by the parties, including reasonable attorneys' fees. *Der v. E.I. Dupont de Nemours & Co.,* 142 F.R.D. 344, 346 (M.D. Fla. 1992). *See also In re Complaint of Great Lakes Dredge & Dock Company,* 179 F.R.D. 336, 339, 1998 A.M.C. 396 (S.D.

Fla. 1997)(Court ruled that, in order to prevent prejudice to the Defendant, reasonable attorneys' fees and costs would be awarded as a condition to granting a voluntary dismissal pursuant to Rule 41(a)(2)).

The decisions in this area sometimes are couched in language to the effect that a voluntary dismissal is appropriate unless defendant will suffer legal prejudice other than the mere prospect of a subsequent lawsuit. In that vein, it is important to note that the motion *sub judice* will not wrench NEP entirely off Planetwise's business back. NEP continues to wildly punch Planetwise, long "after the bell." The most flagrant foul, notwithstanding the pendency of the instant Motion to Dismiss, NEP has threatened Planetwise with the filing of no less than four (4) more claims (none of which are patent-related), having provided counsel for Planetwise with a proposed Amended Complaint at the 11th hour of discovery.³ Needless to say, Planetwise vehemently opposes any such amendments.

In short, NEP strives to rise, Phoenix-like, out of the ashes of its own patent case and start, in effect, a new, non-patent lawsuit. This artifice and latest act of further, unjustified aggression by NEP should not be countenanced by this Court. It also ought to be taken into consideration by this Court in fashioning a remedy for Planetwise in the form of appropriate terms for NEP's dismissal.

---

³ Plaintiff's contemplated First Amended Complaint sets forth four (4) non-patent Counts, *to wit*: false advertising, misleading advertising, a FDUTPA claim, and a common law unfair competition claim. Leaving aside, for the moment, that facts that: these are not novel claims; the deadline for amendments in this case has long since expired; NEP previously (and untimely) moved to amend and the Court denied same; and presently approaching the finish line of discovery, it is a *non sequitur* for NEP now to move to amend in the wake of its motion to sink its own complaint.

Under the pertinent case law, a voluntary dismissal with prejudice is viewed as appropriate upon a showing of bad faith by plaintiff's counsel. *See, e.g., Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1256-57 (11th Cir. 2001). In the matter at hand, Plaintiff, NEP, has *sua sponte* moved for a "with prejudice" dismissal of its own case. This highly unusual manouevre ought to speak volumes.

NEP may deign to opine that it is leaving the fray because it is financially prudent to do so. For whom? Certainly not for Planetwise. It would be equally unavailing for NEP to contend that no dismissal terms would be proper because its Rule 41(a)(2) motion somehow offers Planetwise all it deserves. That is most assuredly not so.

NEP moves to voluntarily dismiss its Complaint after it has awoken from its long slumber and realized that it cannot prove its case, let alone any damages, and only after it has dragged Planetwise through the aggravation, bother, business disruption, and expense of an unwarranted federal lawsuit. Whether NEP's strategy was intentional, deliberate and malicious, and fraught with bad faith - as Planetwise believes - or, alternatively, was the result of NEP's willful blindness, reckless indifference, and erroneous assumptions, and/or infelicitous advice, it cannot be gainsaid that NEP's conduct has been unreasonable and it is undeniable that its has resulted in unnecessary complications, delay, and multiplication of these proceedings.

As a result of the foregoing, it is beyond peradventure of doubt that NEP's conduct has already rendered the instant patent case "exceptional."[4] As such, Planetwise's earnest desire to avoid further, costly litigation must be viewed as wholly consistent with reason, logic, and common sense. In light of the fact that this case, even judged at this pre-trial juncture, is "exceptional," proceeding with a trial will only cause the parties to expend more precious resources attorneys' fees and costs. Thus, it may well be considered by this Court that it is in the best interests of both parties for this Court to award Planetwise meaningful costs and attorneys fees now.

Over the fullness of time, the courts in this Circuit have remained cognizant of the underlying judicial philosophy of Rule 41(a)(2), namely, that it "exists chiefly for protection of defendants" *see, e.g., In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1259 (11th Cir. 2006).

To illustrate, in a case of fairly recent vintage, Judge Zloch opined that "Defendant has been forced to litigate this case without reason." Accordingly, the Court ordered the plaintiff to bear the cost of Defendant's reasonable costs and attorney's fees incurred in the defense of the action and provided defendant with an opportunity to submit Affidavits and Exhibits in support thereof. *Tesma v. Maddox-Joines, Inc.*, 254 F.R.D. 699, 701 (S.D. Fla. 2008). In the *Tesma* case, the Court was presented with a plaintiff's notice of voluntary dismissal with prejudice, under Rule 41(a)(2), which the Court construed as a motion thereunder. *Id.*, at 700.

---

[4] Title 35, U.S. Code §285. Attorney fees. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

Furthermore, the Court therein cited the fact that the motion sought dismissal <u>with prejudice</u> as a one of the justifications for the imposition of payment of costs and attorney's fees as an appropriately imposed condition of the dismissal. *Id.*, at 702. Planetwise respectfully urges this Court to follow the well-reasoned ruling, and laudatory procedure adopted, by Judge Zloch in the Tesma case, *supra*.

As for the remaining points by movant-NEP, Planetwise is obliged to register its opposition to the additional relief requested by NEP, as set forth in Paragraph 5, at page 1, of the motion. In Paragraph 5 of its motion, Plaintiff, without supererogation, seeks the following relief:

> "5. With respect to Defendant's pending Counterclaims, Plaintiff respectfully contends that the relief requested herein will render moot Defendant's Counterclaim I (Declaratory Judgment Action for Patent Non-Infringements) and VIII (Patent Marking)."

To begin with, the genesis of NEP's motion nests in Rule 41, a procedural mechanism by which a party can seek to dismiss its own case. A party cannot challenge the claims of its opponent under the auspices of Rule 41. The Court, then, should it decline to do so, would be well within its discretion to refuse to address NEP's remaining points which are not properly before the Court.

Out of an abundance of caution, however, Planetwise offers the following pertinent observations. Insofar as Planetwise's Counterclaim, Count I (Patent Non-Infringement) is concerned, by reason of NEP's motion for leave to dismiss its own Patent infringement complaint with prejudice, Planetwise's counterclaim for non-infringement of the '309 Patent should not thereby be rendered moot. Rather, Planetwise is entitled to Judgment on that Count.

With respect to Planetwise's Counterclaim Count VIII (False Patent Marking - Title 35, U.S. Code §292),[5] NEP, again, in the improper context of its motion born under Rule 41, now attempts unceremoniously to throw out the baby with the bath water.

It is elementary that false marking is a *qui tam* statutory cause of action; as such, and pursuant to the plain language of that statute, anyone can bring a cause of action under Section 292. Moreover, any award rendered thereunder is to be evenly split between the person suing and the United States.[6]

**WHEREFORE**, Defendant, Planetwise Products, Inc., hereby prays that this Court: dismiss Plaintiff's Complaint for Patent Infringement, with prejudice, and grant Judgment thereon to Defendant, with costs and reasonable attorneys' fees; as well as to deny that portion of Plaintiff's motion which seeks to render Defendant's Counterclaims Nos. I (Declaratory Judgment) and VIII (Patent Mis-marking) moot and, instead, to grant Judgment on Counterclaim I to Defendant, and leave Counterclaim VIII pending, together with such other, further, and different relief as to this Court seems just, equitable, and property under the circumstances.

---

[5] Title 35, U.S. Code §292 provides, in essence, that a fine can be imposed for improperly marked articles. Failure to mark a patent number also affects the right to seek damages.

[6] In *The Forest Group, Inc. v. Bon Tool Company*, 590 F.3d 1295,1304 (Fed. Cir. 2009) the Court of Appeals for the Federal Circuit ruled that a $500.00 maximum fine under §292 is to be imposed on a per article basis (even where mass produced).

Dated: September 20, 2010

Miami, Florida

                Respectfully submitted,

                /s/ Ira Cohen
                Ira Cohen, Esq.
                Fla. Bar No.: 0359882
                Silver, Garvett & Henkel, P.A.
                18001 Old Cutler Road, Suite 600
                Miami, FL 33157
                Tel.: (305) 377-8802
                Fax: (305) 377-8804
                E-mail: ic@sghpa.com
                *Attorneys for Defendant*
                *Planetwise Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record. I also certify that a copy of the foregoing will be served on all counsel of record either via Notice of Electronic Filing transmission generated by the CM/ECF system or in some other manner authorized by the Federal Rules of Civil Procedure for counsel or parties not authorized to receive Notices of Electronic Filing from this Court.

                /s/ Ira Cohen
                Ira Cohen, Esq.
                Fla. Bar No.: 0359882
                Silver, Garvett & Henkel, P.A.
                18001 Old Cutler Road, Suite 600
                Miami, FL 33157
                Tel.: (305) 377-8802
                Fax: (305) 377-8804
                E-mail: ic@sghpa.com
                *Attorneys for Defendant,*
                *Planetwise Products, Inc.*