UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80770-CIV-MARRA/JOHNSON

NATURE'S EARTH PRODUCTS, INC.,
a Florida corporation,

    Plaintiff,

vs.

PLANETWISE PRODUCTS, INC.,
an Arkansas corporation,

    Defendant.
_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST TO SUBMIT A SUR-REPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO DISMISS PATENT INFRINGEMENT CLAIM**

Plaintiff, NATURE'S EARTH PRODUCTS, INC. ("Nature's Earth"), by and through undersigned counsel, hereby submits its Opposition to Defendant's Request to Submit a Sur-Reply to Plaintiff's Reply to Defendant's Partial Opposition to Plaintiff's Motion for Leave to Dismiss its Patent Infringement Claim with Prejudice, and strongly objects to Defendant's latest effort of gamesmanship in these proceedings for the following reasons:

On September 1, 2010, Plaintiff respectfully requested leave of Court to dismiss its patent infringement claim with prejudice pursuant to Fed.R.Civ.P. 41(a)(2). [D.E. 51]. Despite Defendant's assertion otherwise, Plaintiff was not required to state a reason for its request.

On September 20, 2010, Defendant filed its partial opposition to Plaintiff's motion. [D.E. 54]. In its opposition brief, Defendant cited more than twenty cases – all supposedly for the proposition that under like circumstances courts grant the dismissed defendant their attorneys fees and costs. Defendant, however, must have been hoping the Plaintiff and this Court would

not actually read the cases cited therein. For, in fact, not a single one of the cases cited by Defendant dealt with the issue at hand, i.e., the request by a plaintiff to dismiss a *patent infringement* case *with prejudice*. None of the cases cited by Defendant dealt with a patent claim. Only one of the cases cited by Defendant dealt with a dismissal with prejudice[1] – the remainder dealt with dismissals without prejudice (where attorney's fees and costs are routinely awarded).

Moreover, Defendant engaged in a series of attacks against Plaintiff and its principal. Defendant made arguments (and innuendos) regarding the supposed reasons for Plaintiff's request for leave to dismiss its patent infringement claim. Defendant made arguments that Plaintiff's initial bringing of its patent infringement claim was baseless, unsupported and vexatious. Defendant made arguments attacking counsel for Plaintiff. Defendant made arguments regarding which patent claims were being asserted against it. Defendant made arguments that the case was exceptional. All of these arguments were made without any citation to evidentiary support.

On October 8, 2010, Plaintiff filed its reply memorandum which (i) highlighted Defendant's misplaced choice of citations and submitted case citations of decisions actually addressing the issue at hand and (ii) responded to the baseless and unsupported attacks rendered against Plaintiff in Defendant's opposition with evidentiary support. Everything in Plaintiff's reply brief was written in direct response to the ugly, unwarranted attacks submitted in Defendant's opposition.

Having been caught in its effort to mislead this Court, Defendant now wants a second bite at the apple. Plaintiff strongly objects. Defendant had its opportunity to submit legal and factual justifications for its request that the condition of attorneys fees and costs be imposed on

---

[1] In that case, dismissal with prejudice was required since the matter was the subject of a previously filed action.

Plaintiff's request for leave to dismiss its patent infringement claim.  Defendant failed to do so. Instead, it chose to cite wholly inappropriate case law and render argumentative (disguised as factual) assertions without evidentiary support.  Now having seen the error of its ways, Defendant apparently wants to change its tune.  Defendant, however, should be forced to live with the consequences of its choices.

Wherefore, Plaintiff respectfully requests this Court deny Defendant's request for leave to file a sur-reply and render a ruling on Plaintiff's request for leave to dismiss its patent infringement claim on the merits of the briefs before the Court.

Dated:  October 10, 2010.

Respectfully submitted,

By:  s/Scott W. Dangler
Scott W. Dangler
Florida Bar No.  0429007
GUNSTER, YOAKLEY & STEWART, P.A.
Attorneys for Plaintiff, Nature's Earth Products, Inc.
450 East Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL  33301
Telephone:    954-462-2000
Facsimile:    954-523-1722
Email: sdangler@gunster.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system which will send a notice of electronic filing to the following: Ira Cohen, Esq.

s/ Scott W. Dangler
Scott W. Dangler
Florida Bar No.: 0429007