UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80770-CIV-MARRA/JOHNSON

NATURE'S EARTH PRODUCTS, INC.,
a Florida corporation,

    Plaintiff,

vs.

PLANETWISE PRODUCTS, INC.,
an Arkansas corporation,

    Defendant.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Plaintiff's Motion for Leave to Dismiss with Prejudice Complaint for Patent Infringement. (DE 51). The Motion is fully briefed and ripe for review. The Court has carefully considered the briefing and is otherwise fully advised in the premises.

On May 21, 2009, Plaintiff Nature's Earth Products, Inc. filed a single-count patent-infringement complaint against Defendant Planetwise Products, Inc., alleging that Defendant's clumping-animal-litter product embodied Plaintiff's patented method of production. (DE 1). Plaintiff now moves to voluntarily dismiss with prejudice its complaint under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "The district court enjoys broad discretion

1

in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). A "voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Id.* (internal quotation marks omitted).

Here, Defendant does not oppose dismissal, but argues that it is entitled to costs and attorneys' fees. Def.'s Resp. at 5 (DE 54). Specifically, Defendant asserts that Plaintiff's patent-infringement action was "unreasonable and vexatious," "unwarranted," and has "resulted in unnecessary complications, delay, and multiplication of these proceedings." Def.'s Resp. at 4, 10. Accordingly, Defendant argues that it is entitled to costs and attorneys' fees under Rule 41(a)(2)'s provision permitting courts to condition dismissal on "terms that the court considers proper," or under 28 U.S.C. § 1927's provision permitting courts to impose fees and costs against "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously." Def.'s Resp. at 5 & n.2.

With respect to dismissal, the Court first notes that dismissal will not result in any prejudice to Defendant. Defendant does not oppose this portion of Plaintiff's motion, and in fact Defendant requests the same relief in its response memorandum. *See* Def.'s Resp. at 13. Accordingly, the Court exercises its discretion under Rule 42(a)(2) to grant Plaintiff's request for dismissal of the complaint with prejudice.

With respect to Defendant's request for costs and attorneys' fees, the Court will reserve ruling on this issue. Defendant's request is premised on the weakness of Plaintiff's patent-infringement claim. The Court believes that it will be in a better position to determine the strength of Plaintiff's patent claim later in the proceedings, as Defendant's pending

counterclaims are directed towards the scope and validity of Plaintiff's patent.  Specifically, Count I seeks a judgment declaring Defendant's non-infringement of Plaintiff's patent, and Count II seeks a judgment declaring Plaintiff's patent invalid.  Thus, as this case proceeds the Court will more fully understand the issues regarding the scope and validity of Plaintiff's patent, and the Court will therefore be in a better position to determine the reasonableness of Plaintiff's patent-infringement action.

The Court will deny without prejudice Defendant's Motion for Leave to File a Sur-Reply Memorandum in Partial Opposition to Plaintiff NEP's Motion to Dismiss.  (DE 61).  Defendant sought such leave to address issues related to its request for attorneys' fees.  Because the Court reserves judgment on attorneys' fees, Defendant is not prejudiced by postponing further briefing on this issue.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Leave to Dismiss with Prejudice Complaint for Patent Infringement (DE 51) is **GRANTED**.  Plaintiff's complaint is dismissed with prejudice.  This Order is without prejudice to Plaintiff's pending Motion for Leave to Amend Complaint to bring federal and state false-advertising claims against Defendant.  (DE 59).

2. Defendant's Motion to File a Sur-Reply Memorandum in Partial Opposition to Plaintiff NEP's Motion to Dismiss (DE 61) is **DENIED WITHOUT PREJUDICE**.  Defendant may reassert its arguments regarding its entitlement to attorneys' fees and costs when the

3.Court revisits this issue later in the proceedings.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of October, 2010.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record